## TUDOR v. LESLIE et al.

No. 793.

District Court, D. Massachusetts.

Nov. 4, 1940.

B. Loring Young and Richard D. Gerould, both of Boston, Mass., for plaintiff.

K. C. Parker and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for defendants.

McLELLAN, District Judge.

The ensuing statement may be taken, transcribed, and filed with the papers in the case.

In this action for personal injury, the plaintiff, who was a passenger in a motor vehicle operated by the defendant, John F. Leslie, bases John F. Leslie's liability upon his having driven the motor vehicle negligently and without authority of law. The plaintiff predicates the liability of the defendant Helen M. Leslie upon her ownership of the car and upon the operation thereof by John F. Leslie with her authority. The plaintiff filed interrogatories to the defendant John F. Leslie. There are a number of such interrogatories to which no objection is made, and one of them asks at what speed the motor vehicle was proceeding immediately before the accident. The only interrogatories to which objections are made read as follows:

"12. Had you been proceeding at a greater speed than that stated in your answer to Interrogatory 10 before reaching the scene of the accident?

"13. If the answer to the preceding interrogatory is in the affirmative, at what rate of speed had you been so proceeding?

"14. If the answer to Interrogatory 12 was in the affirmative, for what reasons did you modify your speed?

"16. Did you have any conversation with any person or persons at the scene of and after said collision?

"17. If the answer to the preceding interrogatory is in the affirmative, kindly state said conversation.

"23. In what respect was the plaintiff, Virginia Tudor, guilty of negligence which contributed to her injuries?"

The speed of the car immediately before the accident is of course competent, but there is nothing in the case as yet to show that its speed "before reaching the scene of the accident" is material to the issue, and the objections to interrogatories 12, 13, and 14 are sustained.

As to interrogatories 16 and 17, asking whether the defendant John F. Leslie had any conversation with any person or persons at the scene of or after the collision, and for what that conversation was, the admissibility thereof depends in part upon what was said. If the defendant John F. Leslie, in the course of a conversation at the scene of or after the accident, made any statements constituting admissions as to any issue involved in the case, they would, of course, be admissible against him. Whether they would be admissible against the other defendant depends upon whether the circumstances were such as to show that they were made with authority of the other defendant, and upon other considerations. If the defendant John F. Leslie had a conversation which bore no relation to the accident, of course he is not bound to state the conversation in response to interrogatories. If the conversation did relate to the accident in such a way that the conversation can be regarded as an admission, the plaintiff is entitled to have that conversation stated. The defendants' objection to interrogatories 16 and 17 are overruled.

The 23rd interrogatory asks the defendant John F. Leslie to state in what respect the plaintiff was "guilty of negligence which contributed to her injuries". This, I assume, is one of the ultimate issues to be decided by the Court or the jury upon all the evidence, and I do not regard it as a question which would be admissible, at the trial. See United States v. Spaulding, 293 U.S. 498, 506, 55 S.Ct. 273, 79 L.Ed. 617. Having in mind that it is a set of interrogatories and not a motion for particulars with which we here deal, the defendant's objection to the 23rd interrogatory is sustained.